$350

MAM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA

FILED
MAY 0 1 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| | |
|---|---|
| VANTAGE TECHNOLOGIES KNOWLEDGE ASSESSMENT, L.L.C. <br> 6805 Route 202 <br> New Hope, Pennsylvania 18938 <br><br> *Plaintiff,* <br> vs. <br><br> DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COMMUNITY COLLEGE <br> 500 College Terrance, Suite 1206 <br> Homestead, Florida 33303-6009 <br><br> and <br><br> UNIVERSITY OF HOUSTON <br> 1600 Smith Street, Suite 3400 <br> Houston, Texas 77002-7480 <br><br> and <br><br> MINNESOTA STATE COLLEGES AND UNIVERSITIES SYSTEM <br> 228 Wiecking Center <br> Mankato, Minnesota 56001-6062 <br><br> and <br><br> ABC EDUCATIONAL INSITUTIONS, 1-1000 <br> *Fictitious names,* <br><br> *Defendants.* | NO. **09 -1879** <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION

Plaintiff Vantage Technologies Knowledge Assessment, L.L.C (hereinafter "Plaintiff Vantage"), by and through its undersigned counsel hereby files this Complaint against Defendant District Board of Trustees of Miami Dade Community College ("Defendant Miami Dade"), Defendant University of Houston ("Defendant Houston"), Defendant Minnesota State Colleges and Universities System ("Defendant Minnesota

State"), and ABC Educational Institutions, 1-1000 ("ABC Institutions") (collectively the "Defendants"), and avers in support thereof as follows:

## INTRODUCTION

1. This matter arises from: the Defendants' wrongful resale of the Plaintiff Vantage's on-line services and proprietary software used in the on-line computerized testing service, ACCUPLACER (ACCUPLACER") in violation of the terms and conditions of the <u>Software Product License Agreement for The ACCUPLACER™ Online System</u> ("ACCUPLACER License Agreement") with Plaintiff Vantage, and from the Defendants' theft of services of the Plaintiff Vantage, from the Defendants' unjust enrichment from the services of Plaintiff Vantage, and from the Defendants' misappropriation of the trade secrets of Plaintiff Vantage.

## PARTIES

2. Plaintiff Vantage is a Delaware Limited Liability company organized and existing under the laws of the State of Delaware with its primary business address located at 6805 Route 202 New Hope, Pennsylvania 18938.

3. Plaintiff Vantage is, *inter alia*, a software development company and the developer of computerized "software as a service" applications for assessment with certain supporting technology ("Proprietary Software").

4. Defendant Miami Dade is a public institution organized and existing under the laws of the State of Florida with its primary business address located at 500 College Terrance Suite 1206, Homestead, Florida.

5. Defendant University of Houston is a public institution organized and existing under the laws of the State of Texas with its primary business address located at 1600 Smith Street, Suite 3400, Houston, Texas 77002-7480.

6.     Defendant Minnesota State Colleges is a public institution organized and existing under the laws of the State of Minnesota with its primary business address located at 228 Wiecking Center, Mankato, Minnesota 56001-6062.

7.     Defendants ABC Educational Institutions, are a collective fictional name given to the presently unknown other 1,500 Universities, Colleges and other Educational Institutions, who have or continue to use the ACCUPLACER program, who are thus subject to the terms and conditions of the ACCUPLACER License Agreement and that have resold the Proprietary Software, technology and on-line services of Plaintiff Vantage in violation of the ACCUPLACER License Agreement, and that have used and offered to others the same services of the Plaintiff Vantage without payment of the services, have unjustly enriched themselves from the services of the Plaintiff Vantage in its provision of ACCUPLACER services, and misappropriated trade secrets of Plaintiff Vantage.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) (1) based upon diversity of citizenship of the parties as the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states.

9.     Venue is properly laid in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred within this judicial district.

## FACTS COMMON TO THE CLAIMS FOR RELIEF

**A.     Plaintiff Vantage Enters In To The ACCUPLACER Agreement.**

10.    In 1998, Vantage entered in to an agreement ("ACCUPLACER Agreement") with non-party College Board Entrance Examination Board ("College

3

Board") in which Vantage was to provide the Proprietary Software and on-line computerized essay grading services and supporting technology through the College Board's ACCUPLACER Online Service to end-user ACCUPLACER test takers. ("ACCUPLACER Services").

**B.     Plaintiff Vantage Expends Large Sums of Time and Money Building New ACCUPLACER Service Software and Technology.**

11.     Prior to Plaintiff Vantage's involvement in the provision of the ACCUPLACER Services, there was a steep decline in educational institution's participation in ACCUPLACER, a drop from approximately 600 educational institutions to approximately 400.

12.     Prior to Plaintiff Vantage's involvement, there were approximately twenty-five ACCUPLACER versions of software.

13.     Each version of the ACCUPLACER versions were installed locally on client machines.

14.     Each version had only up to approximately twenty-five clients assigned to it.

15.     Each version has different interfaces, terminology, and programming issues.

16.     With the twenty-five versions, there was no effective way to support the client base which resulted in client complaints.

17.     Plaintiff Vantage offered to solve these ACCUPLACER problems by using a new platform for delivering software as a service. This platform was one if not "the first of its kind" in on-line assessment market.

4

18. Plaintiff Vantage incurred an enormous expense in developing the platform used in ACCUPLACER and in helping educational institutions maintain the quality of their own networks.

19. After Plaintiff Vantage became involved in ACCUPLACER, Plaintiff Vantage successfully: converted all clients from the myriad of Windows platforms to a Vantage's exclusive on-line platform, maintained and fixed bugs and eventually "end of lifed" each of the Windows versions.

20. Over the course of the term of the ACCUPLACER Agreement, Plaintiff Vantage's Proprietary Software and technology was responsible for growing the client base for ACCUPLACER from approximately 400 educational institutions to almost 1600 educational institutions.

21. Plaintiff Vantage's Proprietary Software was also responsible for the delivery, scoring, yearly storage, and the reporting of approximately 5,000,000 tests per year, an amount exceeding even the largest national tests.

### C. The ACCUPLACER Agreement Is Renewed until June 30, 2009 By The College Board and Plaintiff Vantage.

22. Since 1998, the College Board has renewed its ACCUPLACER Agreement with Plaintiff Vantage.

23. In all of the renewals of the ACCUPLACER Agreement, Plaintiff Vantage has always maintained all of its original proprietary rights in the Proprietary Software, technology, and in the provision of on-line services.

### D. Plaintiff Vantage Owns All Rights to Proprietary Software and On-line Services it Provides for ACCUPLACER's Test Takers.

24. Pursuant to ACCUPLACER Agreement and all subsequent ACCUPLACER Agreements, Plaintiff Vantage, *inter alia*, exclusively owns all of the

5

rights to the Proprietary Software and technology used in the provision of the ACCUPLACER Services.[1]

25. Pursuant to the ACCUPLACER Agreement, the Plaintiff Vantage licensed the Proprietary Software and technology to the College Board so it could be used by the College Board in the College Board's provision of the ACCUPLACER Services to end-user ACCUPLCER test takers of the Defendants.

26. By using the ACCUPLACER Services offered at the College Board's web site, each of the Defendants entered into and agree to all of the terms and conditions of a "click wrap" license, Agreement for The ACCUPLACER Online System ("Software Product License") (Attachment A).

27. Section 1 of the Software Product License states in pertinent part:

> Ownership and Proprietary Rights. LICENSEE understands and acknowledges that the Board (College Board) and VTKA (Plaintiff Vantage) hold all title and proprietary rights, including trade secret, trademark, and copyright in the PRODUCT. Subject to the terms of Agreement, the BOARD and VTKA grant to LICENSEE a nonexclusive, nontransferable **license to use** the PRODUCT during the term of this Agreement.
>
> (See ¶1 of Exhibit A)(Emphasis Added).

**E.     Unbeknownst to Plaintiff Vantage, the Defendants Embark on a Campaign to Resell Plaintiff Vantage's Proprietary Software and On-Line Services and Technology In Violation of The Software Product License.**

28. Under the guise of fees for their labor and costs in providing the ACCUPLACER Services to their end-users, the Defendants have begun to charge the test

---

[1] When Section 1 of the Software Product License Agreement for The Accuplacer Online System states "BOARD (College Board) and VTKA (Plaintiff Vantage) hold title to and propriety rights, including trade secret, trademark, and copyright in the PRODUCT (ACCUPLACER)" it is stating to the end-users that collectively, the College Board and Vantage own individually all of the identified items. It is not stating that both the College Board and Vantage jointly own any individual item identified. Section 1 therefore reflects, not contradicts, the terms and conditions regarding Vantage's ownership of the Proprietary Software and technology found in the ACCUPLACER Agreements.

6

takers excessive fees, often at multiples of the fee Plaintiff Vantage charges to originally provide the Accuplacer Services.

29. By charging their own fees for providing the ACCUPLACER Services, the Defendants have been able to receive large profits with no work input, value added service, or benefit to the test takers.

30. The excessive nature of the fees charged by the Defendants to test-takers can not be excused as the forwarding of expenses incurred by them in providing this on-line service but instead must be seen as a means by which the Defendants have generated new revenue for themselves all at the expense and determent of Plaintiff Vantage.

### F. Neither the College Board Nor The Defendants Ever Notified Plaintiff Vantage of the Resale of the Proprietary Software or On-line Services and all Settlement Negotiations Were Stymied By the Actions of the College Board.

31. Neither the Defendants nor the College Board ever notified Plaintiff Vantage of the reselling of the Plaintiff Vantage's Proprietary Software or on-line services.

32. In addition, pursuant to the terms and conditions of the ACCUPLACER Agreement, the College Board has asserted that the College Board must control any communication from Plaintiff Vantage to the Defendants.

33. Upon discovery of the reselling of Vantage's Proprietary Software and on-line services, Plaintiff Vantage requested that the College Board instruct the Defendants to cease and desist in their reselling of Plaintiff Vantage's Proprietary Software and on-line services.

34. The College Board flatly refused on more then one occasion to instruct the Defendants to cease and desist in their reselling of Plaintiff Vantage's Proprietary Software and on-line services as requested by Plaintiff Vantage.

35. All efforts by Plaintiff Vantage to settle any claims regarding the reselling of Plaintiff Vantage's Proprietary Software, technology, and on-line services with the College Board on the behalf of the Defendants have been refused by the College Board.

36. Lacking any ability to conduct pre-suit settlement discussions, Plaintiff Vantage now brings this cause of action.

## COUNT I
## BREACH OF CONTRACT

37. Plaintiff Vantage incorporates the allegations set forth above in the above paragraphs as though fully set for herein at length.

38. The Software Product Licenses entered into by each Defendant are valid and enforceable contracts between Plaintiff Vantage and each Defendant.

39. Pursuant to Section 1 of the Software Product License, the Defendants are only permitted to use, not resell, the Proprietary Software, technology, and online services of Plaintiff Vantage. (See ¶1 of Exhibit A).

40. The Defendants' breached their respective Software Product Licenses by reselling the ACCUPLACER Services by reselling Plaintiff Vantage's Proprietary Software, technology, and on-line services.

41. The Defendants' actions further breached the duty of good faith and fair dealing that requires parties to a contract to act in good faith in the performance of their obligations.

42. Vantage is entitled to recover damages for the Defendants breach of their "license to use" provision of the Software Product License.

43. In addition, the Defendants' breach of the Software Product License has resulted and will continue to cause Plaintiff Vantage serious harm, irreparable injury, and damages that are not full ascertainable at this time.

44.     At this time, Plaintiff Vantage lacks an adequate remedy of law to prevent the future sales of their proprietary software by the Defendants for Plaintiff Vantage can not shut off the use of its on-line services or prevent the resale of its Proprietary Software by the Defendants without breaching a separate agreement it has with the College Board.

**WHEREFORE**, Plaintiff Vantage hereby demands judgment against each of the Defendants, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000), a disgorgement of all profits obtained by the Defendants under the guise of costs for providing online ACCUPLACER services, an accounting of all ill gained profits of the Defendants from the resale of Plaintiff Vantage's Proprietary Software, technology, and on-line service, pre-judgment and post-judgment interest, for an award of its reasonable attorney's fees and costs, that judgment be entered for Plaintiff Vantage against each Defendant for punitive damages in view of their willful, intentional, malicious and egregious misconduct, and for such other and further relief as this Court deems just and appropriate.

## COUNT II
## UNJUST ENRICHMENT/QAUNTUM MERIT

45.     Plaintiff Vantage incorporates the allegations set forth above in the above paragraphs as though fully set for herein at length.

46.     For the period July 1, 1998 until the present, the Defendants have made use of Plaintiff Vantage's Proprietary Software and on-line services and until recently without Plaintiff Vantage knowledge, resold said Proprietary Software, technology, and on-line services to others at a great profit without paying for a right to resell the Proprietary Software, technology, and online services.